**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Jason S. Feinstein, Esq. (ID# 038941994)
Physical Address: 2000 Lenox Drive, Suite 203, Lawrenceville, NJ 08648
Mailing Address: P.O. Box 5404, Princeton, NJ 08543
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
Attorneys for Defendant, The Trustees of Princeton University d/b/a Princeton University (improperly pled as The Trustees at Princeton University a/k/a Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Nansi Toskova, | CIVIL ACTION NO. |
| Plaintiff, | **DOCUMENT FILED ELECTRONICALLY** |
| v. | |
| The Trustees at Princeton University a/k/a Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department, Princeton Tennis Program, Inc., John Does 1-10 (fictitious names representing unknown individuals) and/or XYZ Corps. 1-10 (fictitious names representing unknown corporations, partnerships and/or Limited Liability Companies or other types of legal entities), | **NOTICE OF REMOVAL** |
| Defendants. | |

**PLEASE TAKE NOTICE** that, on this date, defendant, The Trustees of Princeton University d/b/a Princeton University (improperly pled as The Trustees at Princeton University a/k/a Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department) ("Defendant" or "Princeton University"), by its undersigned counsel, has filed this Notice of

#116514802v1

Removal pursuant to 28 U.S.C. § 1446(a), in the office of the Clerk of the United States District Court for the District of New Jersey.

Defendant, by its undersigned attorneys, shows:

## BACKGROUND

1. Plaintiff, Nansi Toskova ("Plaintiff"), brought an action against defendant in the Superior Court of New Jersey, Law Division, Mercer County, and the Court filed the complaint and jury demand on June 4, 2024 under Docket No. MER-L-001101-24.  A true copy of plaintiff's complaint is attached as **Exhibit "A."**

2. According to the complaint, plaintiff asserts claims against defendants for careless, reckless, and negligent ownership, operation, lease, control, supervision, management, maintenance, repair, inspection of the premises and/or the tennis court located at Jadwin Gymnasium which is located on the campus of Princeton University.

3. In the State Court Action, plaintiff seeks compensatory damages, punitive damages, damages for mental anguish and emotional distress and interest and cost of suit.

## GROUNDS FOR REMOVAL-DIVERSITY JURISDICTION

4. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a), and this action is removable under U.S.C. § 1441(a), 1441(b)(2), and § 1446(b) because there is complete diversity between the parties and because the amount-in-controversy, exclusive of interest and costs, exceeds $75,000.

*Diversity of Citizenship*

5. A corporation is deemed a citizen of its state of incorporation and that state where it has its principal place of business.  See 28 U.S.C. § 1332(c).

6. Defendant is a nonprofit corporation with a principal place of business in Princeton, New Jersey 08544 and is a citizen of New Jersey.

7. Upon information and belief, the co-defendant Princeton Tennis Program, Inc. is a citizen of New Jersey.

8. Plaintiff resides in Storrs, Connecticut 06269 and is a citizen of Connecticut.

9. Therefore, there is complete diversity between plaintiff and defendants as required under 28 U.S.C. 1332(a), and 28 U.S.C. § 1441 and § 1446.

10. Jurisdiction over the subject matter of this action is conferred on this Court by 28 U.S.C. §§ 1441(a), 1441(b)(2), 1332.

*Amount in Controversy*

11. As summarized above, in the State Court Action Plaintiff seeks to recover damages allegedly related to an injury she sustained while playing tennis at a tennis court located at Princeton University. *See generally* **Exhibit "A."**

12. Plaintiff seeks compensatory damages, punitive damages, damages for mental anguish and emotional distress. *See id*.

13. Based on the allegations of the Complaint, the amount-in-controversy exceeds $75,000 exclusive of interest and costs.

**The Procedural Requirements for Removal Have Been Satisfied**

14. This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) due to the parties' complete diversity of citizenship and satisfaction of the requisite amount-in-controversy. Therefore, this action is properly removable pursuant to 28 U.S.C. § 1441(a).

15. The United States District Court of New Jersey is the proper venule for removal of this action because it is the District in which the State Court Action is pending. See 28 U.S.C. § 1446(a).

16. As described herein, Princeton University has complied with the procedural requirements for removal.

17. No parties in interest have been properly joined or served as a defendant.

18. This notice is filed before any parties in interest were properly joined and served as defendants as provided by 28 U.S.C. § 1446(b).

19. There have been no other proceedings in this action.

20. Removal is therefore timely under 28 U.S.C. §1441(b)(2) and 1446(b).

21. Pursuant to 28 U.S.C. § 1446(d), Princeton University certifies that it will promptly serve written notice of this Notice of Removal on counsel for Plaintiff and file the same with the Clerk of the Mercer County Superior Court of New Jersey, Law Division.

22. By filing this Notice of Removal, Princeton University does not waive any defense that may be available to it, including, but not limited to, the right to contest jurisdiction, service of process, or venue in this Court or state court.

23. Nothing herein should be deemed an admission by Princeton University of any allegations in Plaintiff's Complaint.

**WHEREFORE,** Defendant, The Trustees of Princeton University d/b/a Princeton University (improperly pled as The Trustees at Princeton University a/k/a Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department) respectfully request that the above-

captioned action, pending in the Mercer County Superior Court of New Jersey, Law Division, be removed to the United States District Court of New Jersey.

**PLEASE TAKE FURTHER NOTICE** that defendant, upon filing the Notice of Removal in the Office of the Clerk of the United States District Court for the District of New Jersey, has served a copy of this Notice of Removal on Plaintiff, and has also filed a copy of the Notice with the Clerk of the Superior Court of New Jersey, via eCourts, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1441(b)(2) and § 1446(b)(1) .

        Respectfully submitted,

        **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
        Attorneys for Defendant, The Trustees of Princeton University d/b/a Princeton University (improperly pled as The Trustees at Princeton University a/k/a Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department)


        By: /s/ Jason S. Feinstein
          Jason S. Feinstein

Dated: June 5, 2024

#116514802v1

# EXHIBIT A

**Patricia Z. Boguslawski, Esq. – 007602004**
DAVIS, SAPERSTEIN & SALOMON, P.C.
375 Cedar Lane
Teaneck, New Jersey 07666-3433
(201) 907-5000
Fax: (201) 692-0444
Attorneys for Plaintiff(s),

| | |
|---|---|
| Nansi Toskova, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MERCER COUNTY |
| Plaintiff(s), | DOCKET NO: MER-L- |
| - vs - | |
| The Trustees at Princeton University a/k/a Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department, Princeton Tennis Program, Inc., John Does 1-10 (fictitious names representing unknown individuals) and/or XYZ Corps. 1-10 (fictitious names representing unknown corporations, partnerships and/or Limited Liability Companies or other types of legal entities) | Civil Action COMPLAINT AND JURY DEMAND |
| Defendant(s). | |

Plaintiff Nansi Toskova, residing at Storrs, Connecticut, 06269, by way of Complaint against the Defendants says:

-1-

FIRST COUNT

1. On or about October 15, 2022, the Plaintiff Nansi Toskova was lawfully upon the premises, specifically, the Jadwin Gymnasium tennis court owned, operated, leased, controlled, supervised, managed, maintained, repaired and/or inspected by the Defendants The Trustees at Princeton University a/k/a Princeton University (hereinafter referred to as "Princeton University"), Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department, Princeton Tennis Program, Inc., John Does 1-10 and/or XYZ Corps. 1-10, located at or near 110 Faculty Road, in the Borough of Princeton, County of Mercer, and the State of New Jersey.

2. Based upon information and belief, and at all relevant times herein mentioned, the Defendant Princeton University, was and is, a nonprofit corporation authorized to do business in the State of New Jersey, with its main address located in the County of Mercer, 1 Nassau Hall, Princeton, New Jersey, 08544.

3. Based upon information and belief, and at all relevant times herein mentioned, the Defendant Princeton University Department of Public Safety, was and is, a nonprofit corporation authorized to do business in the State of New Jersey, with its main address located in the County of Mercer, 1 Nassau Hall, Princeton, New Jersey, 08544.

4. Based upon information and belief, and at all relevant times herein mentioned, the Princeton University Athletics Department, was and is, a nonprofit corporation authorized to do business in the State of New Jersey, with its main address located in the County of Mercer, 103 Dillon Gym, Princeton University, Princeton, New Jersey, 08544.

5. Based upon information and belief, and at all relevant times herein mentioned, the Defendant Princeton University Campus Recreation Department, was and is, a nonprofit

-2-

corporation authorized to do business in the State of New Jersey, with its main address located in the County of Mercer, 103 Dillon Gym, Princeton University, Princeton, New Jersey, 08544.

7. 6. Based upon information and belief, and at all relevant times herein mentioned, the Defendant Princeton Tennis Program, Inc., was and is, a nonprofit corporation authorized to do business in the State of New Jersey, with its main address located in the County of Mercer, 92 Washington Road, Princeton, New Jersey, 08540.

7. At the aforesaid time and place, due to the careless, reckless, and negligent ownership, operation, lease, control, supervision, management, maintenance, repair, inspection of the premises and/or the tennis court by the Defendants Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department, Princeton Tennis Program, Inc., John Does 1-10 and/or XYZ Corps. 1-10, the Plaintiff Nansi Toskova, while engaged in lawful sports activities on the subject tennis court, was caused to sustain severe personal injuries.

8. As a direct and proximate result of the aforesaid carelessness, recklessness, and negligence of the Defendants Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department, Princeton Tennis Program, Inc., John Does 1-10 and/or XYZ Corps. 1-10, the Plaintiff Nansi Toskova, was injured in and about her mind and body; was and will in the future be caused great pain and suffering to her mind and body; was and will in the future be obliged to expend great sums of money for medical aid and attention; has sustained economic loss; and was and will in the future be unable to attend to her usual pursuits and occupations and was further damaged.

-3-

WHEREFORE, the Plaintiff Nansi Toskova, demands judgment against the Defendants Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department, Princeton Tennis Program, Inc., John Does 1-10 and/or XYZ Corps. 1-10, individually, jointly of severally for damages together with interest and costs of suit.

## SECOND COUNT

1. The Plaintiff Nansi Toskova, repeats each and every allegation of the First Count of the Complaint as if set forth at length herein verbatim.

2. At the aforesaid time and place, the Defendants Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department, Princeton Tennis Program, Inc., John Does 1-10 and/or XYZ Corps. 1-10, were responsible for the upkeep, maintenance, repairs and/or inspection of the aforementioned premises and/or the tennis court.

3. As a direct and proximate result of the careless, reckless, and negligent upkeep, maintenance, repair and/or inspection of the subject premises and/or the tennis court by the Defendants Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department, Princeton Tennis Program, Inc., John Does 1-10 and/or XYZ Corps. 1-10, the Plaintiff Nansi Toskova was caused to sustain severe personal injuries.

4. As a direct and proximate result of the aforesaid carelessness, recklessness, and negligence of the Defendants Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department, Princeton Tennis Program, Inc., John Does 1-10 and/or XYZ Corps. 1-10, the

-4-

Plaintiff Nansi Toskova was injured in and about her mind and body; was and will in the future be caused great pain and suffering to her mind and body; was and will in the future be obliged to expend great sums of money for medical aid and attention; has sustained economic loss; and was and will in the future be unable to attend to her usual pursuits and occupations and was further damaged.

WHEREFORE, the Plaintiff Nansi Toskova, demands judgment against the Defendants Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department, Princeton Tennis Program, Inc., John Does 1-10 and/or XYZ Corps. 1-10, individually, jointly or severally for damages together with interest and costs of suit.

## THIRD COUNT

1. Plaintiff Nansi Toskova repeats each and every allegation contained in the First and Second Counts of this Complaint as if the same were set forth at length verbatim.

2. At all relevant times, the Defendants Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department and Princeton Tennis Program, Inc. caused and/or allowed dangerous condition to exist at the aforementioned premises and/or the tennis court.

3. At all relevant times, the Defendants Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department and Princeton Tennis Program, Inc., knew or should have known, that such dangerous condition created reasonably foreseeable risk of the kind of incident and injuries which occurred; the Defendants Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University

DAVIS, SAPERSTEIN & SALOMON, P.C.
375 Cedar Lane
Teaneck, New Jersey 07666-3433
(201) 907-5000

Campus Recreation Department and Princeton Tennis Program, Inc. are grossly negligent in failing to protect or warn the Plaintiff.

4. Defendants Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department and Princeton Tennis Program, Inc., by virtue of said knowledge and wanton disregard of the safety of the Plaintiff, are liable for punitive and exemplary damages.

WHEREFORE, the Plaintiff Nansi Toskova demands judgment against the Defendants Princeton University, Princeton University Department of Public Safety, Princeton University Athletics Department, Princeton University Campus Recreation Department and Princeton Tennis Program, Inc. for:

    a. Compensatory damages;
    b. Punitive damages;
    c. Interest and costs of suit; and
    d. Damages for mental anguish and emotional distress;
    e. Such other and further relief as the Court deems necessary and proper.

## FOURTH COUNT

1. The Plaintiff Nansi Toskova, repeats each and every allegation of the First through Third Counts of the Complaint as if set forth at length herein verbatim.

2. At the aforesaid time and place, the Defendants John Does 1-10 were unknown person or persons whose actions caused and/or contributed, directly or indirectly, to the incident herein and the injuries and damages suffered by the Plaintiff Nansi Toskova.

3. At the aforesaid time and place, the Defendants XYZ Corps. 1-10 were unknown business, corporation and/or entity, whose agents, servant and/or employee's actions caused

and/or contributed, directly or indirectly, to the incident herein and the injuries and damages suffered by the Plaintiff Nansi Toskova.

4. As a direct and proximate result of the aforesaid carelessness, recklessness, and negligence of the Defendants John Does 1-10 and/or XYZ Corps. 1-10, the Plaintiff Nansi Toskova was injured in and about her mind and body; was and will in the future be caused great pain and suffering to her mind and body; was and will in the future be obliged to expend great sums of money for medical aid and attention; has sustained economic loss; and was and will in the future be unable to attend to her usual pursuits and occupations and was further damaged.

WHEREFORE, the Plaintiff Nansi Toskova, demands judgment against the Defendants John Does 1-10 and/or XYZ Corps. 1-10 for damages, together with interest and costs of suit.

DAVIS, SAPERSTEIN & SALOMON, P.C.
Attorneys for Plaintiff(s)

*Patricia Z. Boguslawski*

BY: Patricia Z. Boguslawski, Esq.
     For the Firm

Dated: June 4, 2024

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues raised in the various Counts of the Complaint.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Patricia Z. Boguslawski, Esq. as trial counsel in this matter.

DAVIS, SAPERSTEIN & SALOMON, P.C.
Attorneys for Plaintiff(s)

*Patricia Z. Boguslawski*

Dated: June 4, 2024

BY: Patricia Z. Boguslawski, Esq.
     For the Firm

-7-

DAVIS, SAPERSTEIN & SALOMON, P.C.
375 Cedar Lane
Teaneck, New Jersey 07666-3433
(201) 907-5000

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-1(B)(1), et seq., the Plaintiff hereby demands that the defendants answer Form "C" Uniform Set of Interrogatories of Appendix II, and supplemental Form "C2", within the time prescribed by the Rules of Court.

The Plaintiff reserves the right to propound additional supplemental Interrogatory questions pursuant to the Rules of Court.

## CERTIFICATION

I certify, pursuant to R. 4:5-1, that to the best of my knowledge, information and belief at this time, the matter in controversy is not the subject matter of any other action pending in any other court, nor of any pending arbitration proceeding; that no other action or arbitration is contemplated; and that there are no other parties who should be joined in this action.

DAVIS, SAPERSTEIN & SALOMON, P.C.  
Attorneys for Plaintiff(s)

*Patricia Z. Boguslawski*
_____
BY:   Patricia Z. Boguslawski, Esq.
        For the Firm

Dated: June 4, 2024

-8-

DAVIS, SAPERSTEIN & SALOMON, P.C.
375 Cedar Lane
Teaneck, New Jersey 07666-3433
(201) 907-5000

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-001101-24**

**Case Caption:** TOSKOVA NANSI VS THE TRUSTEES AT PRINCETON UNI
**Case Initiation Date:** 06/04/2024
**Attorney Name:** PATRICIA ZANGRILLI BOGUSLAWSKI
**Firm Name:** DAVIS SAPERSTEIN & SALOMON PC
**Address:** 375 CEDAR LN
TEANECK NJ 07666
**Phone:** 2019075000
**Name of Party:** PLAINTIFF : Toskova, Nansi
**Name of Defendant's Primary Insurance Company (if known):** PMA INS CO

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Nansi Toskova?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/04/2024
Dated

/s/ PATRICIA ZANGRILLI BOGUSLAWSKI
Signed